AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Shemera Shay Mack-Smith ) | Case No.   20-mj-82 (GMH) |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❏ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
❏ Prior criminal history
❏ Participation in criminal activity while on probation, parole, or supervision

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Defendant requested that she be released, and expressed a willingness to comply with conditions such as GPS location-monitoring and restrictions on her use of electronic devices, including a complete prohibition on their use or the installation of programs that would monitor her activity.  She highlighted that she is a project manager for the Food and Drug Administration and has worked there for 13 years, is married and has children, and has no criminal record.  She also noted that she is currently being held in isolation because of COVID-19–like symptoms, and that she has underlying health issues that both make her more susceptible to developing a severe case of COVID-19 if she were to contract the coronavirus and make isolation more difficult for her.  Defendant also emphasized that she had been friends with the initial subject of the investigation for years, and there is no evidence that Defendant knew that person was sexually abusing children.  She also proffered that if she were released to her home, her young child could live elsewhere and be cared for by other family members.

Nature and circumstances of offense(s):

Defendant is charged with the Distribution of Child Pornography, a very serious offense that victimizes the most vulnerable members of society, thus this factor weighs in favor of pretrial detention.  On or about April 29, 2020, law enforcement began investigating an individual suspected to be sexually abusing a child and distributing child pornography.  As part of that investigation, law enforcement interviewed an individual referred to as W-2.  W-2 informed law enforcement that the initial subject of that investigation had invited W-2 and Defendant to her house, and that while there, Defendant showed W-2 child pornography on her phone and expressed a sexual interest in children.  Later, Defendant also sent W-2 videos depicting the sexual abuse of children through an encrypted messaging application.  In addition, in early May 2020, W-2 allowed law enforcement to assume his online identity; Defendant then sent multiple videos depicting the sexual abuse of children to an undercover officer.

The strength of the government's evidence:

The government's evidence is strong, therefore this factor also weighs in favor of pretrial detention.  The government proffered that W-2 provided law enforcement with identifying information about Defendant and later positively identified Defendant as the person who gave him her phone number as well as information about the encrypted messaging application.  In addition, law enforcement is in possession of multiple images and videos apparently depicting the sexual abuse of children that Defendant allegedly sent to W-2 (or the undercover officer acting as W-2).  Lastly, the government proffered that during an interview, Defendant admitted to using various messaging applications that the government has connected to child pornography, including the encrypted messaging application W-2 used, and to having seen material that seemed "graphic."

The defendant's history and characteristics, including criminal history:

This factor favors release.  Defendant is 39 years old and has no criminal record. She has also been employed by the Food and Drug Administration for 13 years, is married, and lives in a house she owns.  She also has serious medical issues that suggest she would be more likely to comply with location restrictions in an effort to avoid exposure to the coronavirus.

The defendant's dangerousness/risk of flight:

Nevertheless, the seriousness of Defendant's charged offense is evidenced by the lengthy period of incarceration she could face upon conviction–a mandatory minimum of five years and up to twenty–as well as the fact that this offense generally triggers a rebuttable presumption of detention.  Further, the government proffered that Defendant was part of an online organization where members discussed their sexual interest in children and shared child pornography online, and also met in person to share child pornography and sexually abuse children. The ubiquitous nature of electronic devices in our society, as well as Pretrial Service's limited ability to monitor these electronic devices, especially during the pandemic, increases the likelihood that Defendant would continue to engage in this conduct.  Accordingly, the Court concludes there are no release conditions or a combination of conditions that could be fashioned which would reasonably assure the safety of the community were Defendant to be released.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   06/06/2020

United States Magistrate Judge